## UNITED STATES v. 25.88 ACRES OF LAND, MORE OR LESS IN BOROUGH OF BROOKLYN, KINGS COUNTY et al.

### No. M–598.

District Court, E. D. New York.

Aug. 17, 1945.

See, also, D.C., 49 F.Supp. 250.

Harry T. Dolan, Sp. Asst. to Atty Gen. of United States (Mario M. DeOptatis, of Brooklyn, N. Y., of counsel), for petitioner-plaintiff.

Shiland, Hedges & Pelham, of New York City (Charles Lamb, of New York City, of counsel), for Beard's Erie Basin, Inc.

ABRUZZO, District Judge.

The petitioner-plaintiff moves for an order confirming the report of the Commissioners of Appraisal appointed by this Court, which report is dated and filed March 14, 1945.

The Commissioners were appointed to find and determine the fair value and just compensation which should be paid by the petitioner for the taking in condemnation of the land described in the petition and Declaration of Taking. They found that Beard's Erie Basin, Inc., was entitled to $800,657.60.

The defendant, Beard's Erie Basin, opposes the confirmation of this report and has filed objections to the findings and determination of the report of the Commissioners. Beard's contention is: First, that the award is inadequate and insufficient; second, that petitioner's witnesses did not apply the "before and after" method of valuation in arriving at their opinion of the value of the property taken; third, that petitioner's witnesses were permitted to testify as to the sales of other properties which they considered comparable to the property taken by the petitioner; fourth, that the petitioner's witnesses were permitted to testify concerning the income derived from the property remaining after the taking and business earnings as disclosed by the defendant's income tax returns.

The Declaration of Taking and petition in condemnation describes the property taken. Substantially, the area condemned approximately is 975,068 square feet (22.38 acres) and forms a part of what is commonly known and referred to as Beard's Erie Basin located along the Brooklyn waterfront; the area consisting of some 359,800 square feet of upland and 615,268 square feet of land under water. There

were two open piers on the property and several small buildings. Beard's originally owned and developed approximately 157 acres of waterfront property. Not all of the Beard's property was condemned, a great deal of it still remains in the possession of the defendant who operates, the record indicates, at a very substantial profit since the taking in condemnation of the part at issue in this proceeding.

The Commission had to base their findings in their report upon the testimony of expert witnesses. Beard's Erie Basin called one, Partridge, who testified to a total damage caused by the taking in the sum of $1,535,805. He allocated $1,100,632 as the fair market value of the property taken and the sum of $435,173 as consequential or severance damage. Schlichta, an expert called by the petitioner, opined the fair market value of the property taken in the sum of $738,500, and Morrison, another expert called by the government, opined the value of the property as $704,-000. Both of these experts considered and testified that no permanent damage to the remainder resulted from the taking, either on the basis of sale or lease.

After the Commission devoted many hours to the hearing of evidence and proof submitted by the respective parties, as well as viewing the property, their finding was made as just and adequate compensation to the defendant. The amount awarded is well within the scope and range of the evidence submitted and I find no errors of law which would justify my refusal to confirm and adopt the findings and determinations of the Commission.

I see no error in permitting experts to testify to, as well as of, comparable properties in the vicinity of the property taken in condemnation. The Federal rule is undoubtedly different from the State rule but the Commission was bound by the Federal rule as laid down in United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55; United States v. Certain Parcels of Land in City of Philadelphia, 3 Cir., 144 F.2d 626, 155 A.L.R. 253; United States v. Certain Tracts of Land in Los Angeles County, Cal., D.C., 57 F.Supp. 739. I am in thorough accord with the rule laid down by these cases.

I see no merit to the contention of the defendant that the Commission should have valued the property in its entirety before the taking and then to revalue it after the taking. The method utilized by the Commission was well within the scope of the authorities in this Court and I do not see any other rule which the Commission could have adopted.

The defendant contends that they were entitled to some $435,173 as consequential or severance damages as testified to by their expert Partridge. The Commissioners' report makes no allowance for consequential damage. They found: First, no proof was adduced to establish the existence or extent of the alleged severance damage; second, that the income from the remaining portion of land in the possession of Beard's Erie Basin was greater after the taking than it had been for many years prior to the taking; third, that the proof failed to show that the income from the remainder prior to the taking was dependent upon conjunctive ownership with the part taken, or that the income which might be anticipated in the future from the remaining property would be impaired by the taking. There is no dispute that the income from the remaining portion was much greater after the taking than before. As a matter of fact, the evidence indicates clearly that in some years there was a substantial loss in the operation of this property by the defendant prior to the taking.

The conclusion reached by the Commission, to wit: that the income from the remaining portion was greater after the taking than before and that the proof failed to show the income from the remainder prior to the taking was dependent upon conjunctive ownership with the part taken, or that the income which might be anticipated in the future from the remaining property would be impaired by the taking, is amply supported by the evidence.

The Commissioners' report as to that feature should also be confirmed.

After the briefs were submitted to me I received a letter from the attorneys for the defendant, which, to all practical purposes, I have considered as part of their brief. This letter indicates that Robins Dry Dock Company has entered into a contract with the Navy Department which gives it the first right to purchase the property at some time in the future, presumably after the war has ended. The defendant claims that the Beard's Erie Basin wants the property back and the record refers to

an application by Beard's to the government for the return of the property condemned.

I find nothing in the report of the Commissioners indicative that this particular feature of the case was at all considered before their report was made and filed in this Court. The record indicates that the Commissioners refused to take proof offered by the defendant on this collateral issue (SM 713, 714). They were justified in rejecting this evidence. There would be no reason for this Court to consider what the Navy Department intends to do with the property in the future as it has nothing whatever to do with the just compensation to be paid to the defendant at the time of the taking in condemnation by the government of their property.

In view of the conclusion reached by me as to this particular feature of the case, I see no reason for setting a date for a hearing to determine whether or not the government should produce any contract or contracts relating to what the Navy Department might or might not do with this property. The defendant is entitled to just and fair compensation for the property taken by condemnation as of the date of the taking. I find nothing in the report of the Commissioners to justify the conclusion that that was not done.

The report of the Commissioners in all respects is hereby confirmed.